JAMES C. CARMACK *vs.* RICHARD J. HILL.
LEWIS DICKS *v.* SAME.

MARCH 28, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J.  These actions of the case in assumpsit were tried together in the Superior Court.  The jury returned a verdict for each plaintiff.  The cases are now before this court on defendant's exceptions to the denial of his motions for directed verdicts on the ground that his oral agreement with plaintiffs was for the sale of goods of more

than $500 in value and not enforceable under the provisions of Cap. 305, Sec. 4, G. L. 1923.

Plaintiffs and defendant agreed to go into the dyeing and finishing business. March 15, 1924, they purchased machinery necessary for the proposed business for $6,100. Each party paid $1,000 to the seller and they agreed to pay the balance before September 15. In behalf of the parties defendant signed an agreement to purchase the machinery. The agreement.was in the form of a lease of said machinery for six months and stated that upon the performance of the conditions contained in the lease the lessor would deliver a bill of sale of the machinery to the lessees. It also stated that the $6,100 was to be paid as full rental of the machinery for said term, and that in default of any condition contained therein the lessor could repossess himself of said leased property and retain all payments as rent.

Early in July plaintiffs and defendant disagreed and plaintiffs withdrew from the venture. Plaintiffs allege in their declarations that upon their withdrawal they agreed to release to defendant all their rights in and to the machinery purchased on their joint account and that defendant agreed to pay each of them $1,000 for the money they had previously advanced for the purchase of said machinery. Plaintiffs supported this allegation by their testimony. Defendant testified that he agreed to pay plaintiffs the money they had paid the seller if he could borrow the money necessary to pay the balance due the seller September 15; that he was unable to borrow the money; that the lease was defaulted and that he lost the $1,000 he had paid the seller. The seller testified that the lease was defaulted for non-payment of the rent due September 15; that he retained possession of the machinery and kept the $3,000 previously paid as rent. Under our decisions the lease of the machinery was a conditional sale. *Arnold* v. *Chandler Motors of R. I.*, 45 R. I. 469; *Carpenter* v. *Scott*, 13 R. I. 477. The lessor contracted to transfer the property in the goods to the lessees September 15 upon the payment of the balance of the

146

purchase price as rent. Until default was made by the non-payment of the rent due September 15 plaintiffs and defendant were the conditional owners of the machinery and were entitled to the possession thereof. This was their position in July when plaintiffs claim that defendant agreed to pay them for their rights in the machinery. This agreement was a sale of plaintiffs' undivided interests in the machinery to defendant. One part owner of goods may sell to another part owner and there may be a sale of an undivided share of goods. Cap. 305, Secs. 1 and 6, G. L. 1923. Such a sale may be within the statute of frauds. 1 Williston on Sales, § 68. Plaintiffs paid their money directly to the seller of the machinery and thereby became conditional owners of an undivided interest in it. They had no cause of action against defendant as part owner until he agreed to purchase their interests. As this agreement was not in writing and does not come within any of the exceptions mentioned in said Cap. 305, Sec. 4 it is not enforceable.

Defendant's exception in each case is sustained. Plaintiffs may appear before the court on the 2nd of April, 1928, at 10 o'clock, a. m., and show cause, if any they have, why an order should not be made remitting each case to the Superior Court with direction to enter judgment for defendant.

*Walling & Walling*, for plaintiffs.

*Benjamin M. McLyman, Charles H. Eden*, for defendant.